IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 8, 2001 Session

## TONYA M. SEXTON v. HARTCO FLOORING COMPANY, A DIVISION OF TRIANGLE PACIFIC CORPORATION

**Direct Appeal from the Chancery Court for Scott County**
**No. 8111    Hon. Billy Joe White, Judge**

**FILED JUNE 25, 2001**

**No. E2000-02489-COA-R3-CV**

The Trial Court granted defendant summary judgment on plaintiff's claims of sexual harassment and retaliatory discharge from employment. On appeal, we affirm judgment on the sexual harassment claim, but vacate and remand on claim of retaliatory discharge.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Vacated in Part, and Remanded.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

David H. Dunaway, LaFollette, Tennessee, for Plaintiff-Appellant, Tonya M. Sexton.

Edward Bograd, Charlotte, North Carolina, and Lynn C. Peterson, Knoxville, Tennessee, for Defendant-Appellee, Hartco Flooring Company.

**OPINION**

Plaintiff's action, based upon allegations of sexual harassment, pursuant to the Tennessee Human Rights Act, and an alleged retaliatory discharge, was dismissed by the Trial Judge by granting defendant summary judgment. Plaintiff has appealed.

In granting summary judgment, the Trial Court held that the defendant had taken

"immediate and appropriate action" following plaintiff's report of sexual harassment, and further determined that defendant "stated a legitimate, non-discriminatory business reason for terminating the employment of plaintiff."

Regarding the correctness of the Trial Court's grant of summary judgment, our Supreme Court has previously held:

> In determining whether or not a genuine issue of material fact exists for purposes of summary judgment, courts in this state have indicated that the question should be considered in the same manner as a motion for directed verdict made at the close of the plaintiff's proof, i.e., the trial court must take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence. Then, if there is a dispute as to any material fact or any doubt as to the conclusions to be drawn from that fact, the motion must be denied. The court is not to "weigh" the evidence when evaluating a motion for summary judgment. The court is simply to overrule the motion where a genuine dispute exists as to any material fact.

*Byrd v. Hall*, 847 S.W.2d 208, 211(Tenn. 1993). The Supreme Court thus stated that in determining whether or not to grant summary judgment, the court must first decide (1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial. *Id*. at 214. The Court further explained that a disputed fact is material "if it must be decided in order to resolve the substantive claim or defense at which the motion is directed", and that it creates a genuine issue for trial if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." *Id*. at 215.

The Court has also made clear that the moving party has the burden of establishing there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. *Id*.

Courts have generally held that a cause of action for sexual harassment does not accrue until the working environment has become sufficiently hostile or abusive that it alters the employee's working conditions, and that a determination on this issue must be made by looking at the totality of the circumstances. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26 (Tenn. 1996); *Grissom v. Metropolitan Gov't of Nashville*, 817 S.W.2d 679 (Tenn. Ct. App. 1991).

The Tennessee Supreme Court has said that to prevail against an employer on a co-worker-created hostile work environment claim, the employee must prove that (1) the employee is a member of a protected class; (2) the employee was subjected to unwelcome sexual harassment; (3) the harassment occurred because of the employee's gender; (4) the harassment affected a "term, condition, or privilege" of employment; and (5) the employer knew, or should have known of the harassment and failed to respond with prompt and appropriate corrective action. *Campbell* and *Carr*.

This liability is premised on a negligence theory and not on respondeat superior, as would be the case if a supervisor was doing the harassing. *Parker v. Warren County Utility District*, 2 S.W.3d 170 (Tenn. 1999); and *Carr*. Thus, the employer's liability relates only to its reaction to the conduct, and not to the conduct itself. *Id*.

The record shows that immediately upon receipt of plaintiff's complaint of harassment, defendant's agents began investigating plaintiff's allegations by interviewing the alleged harasser and other employees who worked closely with plaintiff. Once these statements were completed, they were sent to the corporate office to be reviewed by the legal department. In a joint effort with the corporate legal department, Mr. Crawford, the Human Resources Manager, reviewed the statements and determined there was insufficient evidence to take action against the alleged harasser, but he was warned to stay away from plaintiff in the future. According to Crawford, he then told plaintiff of his findings and asked her to come back to work with the understanding that her alleged harasser had been warned to stay away from her, and that if any further problems developed, she was to let him know immediately.

An employer has a duty, once given notice of the harassment, to take "prompt and appropriate remedial action, reasonably calculated to terminate the harassment." *Campbell,* and *Graves v. Circuit City Stores, Inc.,* 1995 WL 371659 (Tenn. Ct. App. June 21, 1995). The remedial action which is reasonable and appropriate depends upon the circumstances of each case. *Id*.

On the undisputed facts in this case, we conclude the Trial Judge was correct in ruling that defendant took prompt and appropriate action which was calculated to terminate the alleged harassment. Plaintiff admitted that the employer had in place an anti-harassment policy of which she was aware. Plaintiff's only allegations of harassment were that the co-worker stared at her, asked her to give him a ride on a couple of occasions, and sent her a bag of candy. We conclude that as a matter of law, the employer's actions in this case, were appropriate.

In support of a summary judgment, defendant offered affidavits that plaintiff was told on February 18 to return to work on February 19, and that she was supposed to work on the 19th, 20th and Saturday the 21st, as well.[1] When she failed to return to work for those three days her absence was reported, and in accordance with published company rules, she was terminated by letter on February 23rd. In response to defendant's motion, plaintiff filed an affidavit, along with her husband, which stated that her immediate supervisor told her to take off as much time as she needed to "get herself together", and that she did not normally work on Saturdays, anyway.

Thus the issue which must be resolved is whether plaintiff can demonstrate that defendant's given reason was not true and was merely pretextual. In order to show pretext, plaintiff can show that defendant's proffered reason has no basis in fact, i.e., that the reason is factually false. *See Smith v. Bridgestone/Firestone, Inc.*, 3 S.W.3d 197 (Tenn. Ct. App. 1999); *Newsom v. Textron*

---

[1]Plaintiff first made the claim of sexual harassment on February 17th to her supervisor.

-3-

*Aerostructures*, 924 S.W.2d 87 (Tenn. Ct. App. 1995); *Versa v. Policy Studies, Inc.*, 2000 WL 1211315 (Tenn. Ct. App. Aug. 25, 2000). Applying the relevant summary judgment standards, a plaintiff must produce evidence "from which a rational fact finder could infer that the company had lied about its proffered reasons for [the employee's] dismissal." *Versa* at p.6.

In this case, the material fact could obviously be resolved in either party's favor, depending upon who the jury believes. If the jury believed plaintiff's statements that she was not told to return to work on the 19th and was fired on the 23rd for being absent from work, then a jury could rationally draw the inference that the real reason for plaintiff's discharge was her report of sexual harassment. The facts regarding plaintiff's work schedule are disputed, and summary judgment was thus improper on this issue.

The summary judgment of the Trial Court is affirmed in part and vacated in part, and the cause remanded for further proceedings consistent with this Opinion.

The cost of the appeal is assessed to Hartco Flooring Company.

_____
HERSCHEL PICKENS FRANKS, J.

-4-